FEIGE *v.* BURT.

1. CORPORATIONS—VALUE OF STOCK—GOOD WILL.
   Good will is an element in determining the value of stock in a
   corporation.

2. SAME—WITNESSES—BASIS OF OPINION—CROSS-EXAMINATION.
   Where it is shown, on cross-examination of a witness who has
   testified that shares of a certain corporation are worth par,
   that the tangible assets of the corporation are worth less than
   the par value of its stock, it is proper on redirect to ask the
   witness what, aside from the value of the property of the
   corporation, he took into account in fixing the value of the
   stock.

3. SAME—CONVERSION OF STOCK—DAMAGES— CORPORATE ASSETS
   —SALE ON FORECLOSURE.
   In trover for the conversion of shares of corporate stock having
   no market value, defendants were not entitled to have the
   value determined by the amount realized from sales of the
   corporate assets subsequent to the conversion; the personalty
   having been disposed of by the officers of the corporation,
   and the realty having been sold under a mortgage owned by
   defendants.

4. Same—Excessive Verdict—Remission—New Trial.

    Where the jury, in an action for the conversion of shares of corporate stock, allowed plaintiff 95 per cent. of the par value, when the evidence showed that the shares had no market value, that the capital stock had been impaired nearly 20 per cent., that all of the accounts were not collectible, and that the corporation had never been able to do a profitable business, it was error to deny a new trial, unless on condition that plaintiff should remit a part of the verdict.

Error to Saginaw; Snow, J. Submitted April 12, 1900. Decided July 7, 1900.

Trover by Ernest Feige against Wellington R. Burt and the Home National Bank of Saginaw. From a judgment for plaintiff, defendants bring error. Modified.

*Humphrey & Grant*, for appellants.

*Weadock & Purcell*, for appellee.

Montgomery, C. J. This case has once been reviewed by the court. The opinion of the court on the former hearing is reported in 118 Mich. 243 (77 N. W. 928). On the second trial of the case a judgment of $14,313.09 was recovered on the finding by the jury that the value of the stock of plaintiff at the time of the conversion was $19,000, and that such conversion took place on the 10th day of February, 1896. A motion for a new trial was duly entered, based on several alleged errors upon the trial, and also upon the claim that the verdict was excessive. This motion was overruled.

The bill of exceptions contains substantially the entire testimony, as well as the proceedings on the motion for a new trial. There are 134 assignments of error. To attempt a discussion of all these assignments would extend this opinion far beyond reasonable limits. For convenience we shall deal with the case by reference to the main propositions contended for by counsel for the appellants, which are summarized in their brief as follows:

    1. The only conversion of plaintiff's stock was brought

about by the execution sale of June 24, 1896, and th value of his stock must be determined as of that date.

2. The value of plaintiff's stock in the company is to be determined by the results produced from the sale and disposition of its personal property and assets by its officers, and through the foreclosure of the real-estate mortgage, provided it is shown that the officers of the company acted in good faith, and disposed of the assets in the course of trade, for the best prices obtainable at the time of such sales.

3. The value of the real estate of the Feige Desk Company, so far as the same is to be considered as an element in determining the value of the stock, must be taken to be the sum of $10,600, the amount procured at the mortgage foreclosure sale.

4. In determining the value of the stock of the Feige Desk Company, no consideration is to be paid to the question of the good will of the concern.

5. The question of the motive of the defendants in any of the transactions involved in this case is entirely immaterial and irrelevant.

It is contended that there was no evidence justifying a finding by the jury that a conversion of the stock took place on the 10th of February. In determining this question we must treat the law of the case as settled by our former decision. The testimony offered on behalf of the plaintiff on the present trial does not differ materially from that considered in our former opinion. We have given careful consideration to the testimony offered in defense, and, while it is of a character to raise a question for the jury, we are not able to say that it conclusively negatives that given by the plaintiff, which we have held sufficient to justify a finding of conversion of the stock on February 10, 1896.

The plaintiff testified that the stock of the company was worth par in February, 1896, and, after being cross-examined as to the property of the company, he was asked on redirect what, aside from the property of the company, he took into account in fixing the value of the stock, and answered that the good will of the business and cost of advertising was worth at least $25,000. This was objected

to as incompetent and immaterial, and it is now insisted that it was prejudicial error to admit this testimony. We think this was proper redirect. It was competent for the plaintiff, who was entirely familiar with the property and business of the corporation, to express an opinion as to the value of the stock. It having appeared on the cross-examination that the tangible assets of the corporation were less than the par value of the entire capital stock, it was proper to show on redirect that his direct examination was based upon the good will of the concern as well as its assets. If this was not permitted, the credibility of the witness would have been impeached, and no opportunity offered to explain that his estimate of value given on direct examination was honest. Good will is an element in determining the value of stock in a corporation. *Long* v. *Evening News Ass'n*, 113 Mich. 274 (71 N. W. 492); *Washburn* v. *Paper Co.*, 26 C. C. A. 312, 81 Fed. 17; *Freon* v. *Carriage Co.*, 42 Ohio St. 30 (51 Am. Rep. 794); *Beebe* v. *Hatfield*, 67 Mo. App. 609.

The contention that the value of the assets of the corporation at the time of the conversion is to be taken to be what was realized on a sale cannot be maintained either by authority or reason. The reasoning as to the real estate adopted by defendants' counsel is that the sale on mortgage foreclosure was binding upon the corporation, and, as that sale cannot be attacked collaterally, it fixes the value of the property. We should hesitate to give our assent to this proposition, even if the sale had taken place before the conversion of the stock; but we find no case in which it is held that, after a conversion of the stock, the tort feasor may fix its value by a sale under an incumbrance.

The most careful examination has failed to disclose any prejudicial error committed by the learned circuit judge on the trial. The question remains as to whether a new trial should have been granted on the ground that the verdict was against the weight of the testimony. We have frequently had occasion to say that this court will, in

determining whether there was error in refusing a new trial, take into account the superior opportunity of the circuit judge to determine the facts. The statute does, however, impose upon us the duty of reviewing such determination, and, when we are convinced that a verdict is excessive, it is as much our duty to apply the corrective as it is to correct error on the trial. We are convinced that this is a case calling for our interposition. The capital stock of the corporation was $82,000. At the time of the conversion of plaintiff's shares, the capital stock had been impaired $14,158.77, counting the real estate, personal property, and accounts receivable at their book value. The accounts were not all good. On the contrary, the result of closing out the business demonstrated that they were worth something like $11,000 less than their face value. The business had not been profitable, even if it be conceded that the outlook was then favorable. Yet in the face of this situation the jury found the value of this stock to have been 95 per cent. of its par value on the 10th of February, when the conversion took place. Whether the business of the corporation would prove successful in the future depended on the vicissitudes of business and the management. Under such circumstances we are unable to see how any considerable allowance for good will could properly be made. At the most it could not exceed the difference between book value and the actual value of the real estate. We feel that the verdict in this case was excessive, and unless the plaintiff shall, within 30 days, elect to remit from the judgment the sum of $6,703.20 as of the date of the judgment, a new trial will be granted.[1] The defendants will recover costs of this court.

The other Justices concurred.

---

[1] On motion, plaintiff was afterwards required to remit the further sum of $205.54.